


Ian Burns (SBN 187274)
iburns@ATIPLaw.com
ATIP Law
4790 Caughlin Pkwy #701
Reno, NV 89519
Telephone: 775-826-6160
Facsimile: 775-828-1651

Attorney for Plaintiff
ZIG ZAG HOLDINGS LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

HRL

ZIG ZAG HOLDINGS LLC

Plaintiff,

v.

GLEN K. HUBBARD, GLEN HUBBARD, INC. d/b/a ZIG ZAG BAIL BONDS, LYNN SIMON d/b/a ZIG ZAG BAIL BONDS and DOES 1-10, Inclusive,

Defendants.

**CV 13 2643**

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, UNFAIR BUSINESSS PRACTICES, FALSE ADVERTISING AND TRADEMARK DILUTION**

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

Plaintiff ZIG ZAG HOLDING LLC ("Plaintiff"), by and through its attorneys, ATIP Law, as and for its complaint against Defendants GLEN K. HUBBARD ("Glen Hubbard"), GLEN HUBBARD, INC. d/b/a ZIG ZAG BAIL BONDS ("ZZBB"), LYNN SIMON d/b/a ZIG ZAG BAIL BONDS ("Lynn Simon") and DOES 1-10 (collectively "Defendants"), alleges as follows:

### A. Parties

1. Plaintiff is a Nevada limited liability company with an address at 4795 Caughlin Parkway, Suite 230, Reno, Nevada.

2. On information and belief, Defendant Glen Hubbard is, and at all times relevant was, a California resident.

3. On information and belief, Defendant ZZBB is, and at all times relevant was, a California corporation (entity no. C1514552), engaged in providing bail bonding services, with its principal place of business located at 48 N. San Pedro Road, 2nd Floor, San Rafael, California.

4. On information and belief, Defendant Lynn Simon is, and at all times relevant was, a California resident.

5. Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1 through 20, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of said Doe Defendants when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named defendants is responsible in some manner for the acts and conduct alleged herein and that such defendants proximately caused Plaintiff harm as alleged herein.

B. **Jurisdiction and Venue**

6. This is an action arising from the infringement of trademarks under the Lanham Trademark Act (15 U.S.C. §§ 1114 *et seq.*). Accordingly, this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338 and 2201. This court has supplemental jurisdiction for related claims under 28 U.S.C. §1367.

7. Venue is proper in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1391(b) and (c). On information and belief, Defendants have transacted business in this district, and have committed and/or inducted acts of infringement in this district. On information and belief, Defendants are authorized to conduct

business in this district and have intentionally availed themselves of the laws and markets of this district through the promotion, marketing, and distribution of their services in this district.

C. **Factual Background**

8. Defendant Glen Hubbard has used the trademark ZIG ZAG BAIL BONDS on and in conjunction with bail bonding services (the "Mark") since on or around March 1965.

9. On April 12, 2006, Defendant Glen Hubbard filed an application with the U.S. Patent and Trademark Office to register the Mark on the Principal Register for "bail bonding" in International Class 036. That application subsequently issued into U.S. Trademark Registration No. 3,297,585, on September 25, 2007, a true and accurate copy of which is attached hereto as Exhibit "A" (the "Registration").

10. The Registration remains valid, subsisting, unrevoked, and un-cancelled.

11. Sometime in 2012, Glen K. Hubbard filed for Chapter 7 Bankruptcy protection with the United States Bankruptcy Court, District of Nevada. The Bankruptcy Court appointed Jeri Coppa-Knudson as Trustee for the Estate of Glen and Reagan Hubbard ("Trustee").

12. On July 31, 2012, the Bankruptcy Court heard and considered the Trustee's Motion to Sell assets of the Estate of Glen and Reagan Hubbard, at which time James A. Smith of Plaintiff Zig Zag Holdings LLC was the successful bidder, purchasing the Mark and the rights to use the Mark in connection with "bail bonding" for a total purchase price of Four Thousand Dollars ($4,000.00).

13. Plaintiff Zig Zag Holdings intends to offer bail bond servicers in various locations, including in the San Francisco Bay Area in the State of California. Plaintiff Zig Zag Holdings also intends to license the Mark to others for use with bail bond services.

14. Despite the sale of the Mark to Plaintiff, Defendants continued using the Mark for its bail bonding services. A photograph of the mark in use is provided in Exhibit "B". On November 26, 2012, Plaintiff demanded, through counsel, that Defendants cease use of Plaintiff's Mark. A copy of Plaintiffs demand letter is attached hereto as Exhibit "C".

15. On November 29, 2012, Defendants responded to Plaintiff by letter and stated that they would continue to use the Mark for its bail bonding services, in violation of Plaintiffs exclusive rights in the Mark. A copy of the Defendants' response is attached hereto as Exhibit "D".

16. On December 12, 2012, the Trustee executed a Trademark Assignment, in which all right, title and interest in and to the Mark, the Registration, together with all the good will of the business symbolized by the Mark, as well as that portion of the ongoing and existing business to which the Mark pertained, including existing licenses, was transferred to Plaintiff (the "Assignment").

17. The Assignment was recorded in the United States Patent and Trademark Office on January 17, 2013, a copy of which is attached hereto as Exhibit "E".

18. Upon information and belief, Defendant Lynn Simon operates a business under the name ZIG ZAG BAIL BONDS in multiple locations in the San Francisco Bay Area, including San Jose, California. Upon information and belief, Lynn Simon and Glen Hubbard are related. This businesses website has a URL of http://www.zigzagsanjose.com/welcome.html and a copy of the home page of the website is attached as Exhibit "F".

19. Upon information and belief, Defendants Glen Hubbard, Lynn Simon and ZZBB knowingly, deliberately, and maliciously continue to market, advertise, and offer their bail

bonding services in California and throughout the United States utilizing the Mark in violation of and with conscious disregard for Plaintiff's rights.

**FIRST CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT**
**(Under § 32 of the Lanham Act)**

20. Plaintiff expressly incorporates all prior allegations of this Complaint as if separately and specifically alleged in this Count.

21. The Mark constitutes a trademark pursuant to Section 32 *et seq.* of the Lanham Act, 15 U.S.C. §§ 1114 *et seq*.

22. Defendants' advertising, marketing and offering for sale of its bail bonding services exhibiting Plaintiff's Mark, without Plaintiff's authorization, permission or consent, constitutes an infringement of Plaintiffs federally registered Mark.

23. Defendants' acts, or some of them, were carried out with the knowledge that Plaintiff was the owner of the Mark.

24. In doing the acts complained of herein, the Defendants have willfully and intentionally infringed Plaintiff's trademark rights under 15 U.S.C. §§ 1114 *et seq*.

25. Defendants' wrongful acts have caused and will continue to cause immediate and irreparable injury to Plaintiff, which injuries are not adequately compensable by monetary damages.

26. Plaintiff is entitled to preliminary and permanent injunctive relief restraining the Defendants and its respective officers, directors, shareholders, agents, employees, representatives and all persons acting in concert with each, from, among other things, using the Mark in commerce or otherwise, or any other such mark which is likely to, by unfair and deceptive means, confuse consumers and the general public as to the source or origin of

Defendants' services, or as to whether Plaintiff is affiliated with, sponsors, is associated with, or approves of Defendants or their bail bonding services.

27. As a further result of the Defendants' conduct, Plaintiff has suffered and will continue to suffer significant monetary damages. Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant's conduct, but will prove such damages at trial.

28. By reason of the foregoing acts, Defendants are liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114.

29. In addition, Plaintiff is entitled to recover its attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a).

**SECOND CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT**
**(Common Law)**

27. Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 28 of this complaint as though fully set forth herein.

28. Plaintiff's Mark, ZIG ZAG BAIL BONDS, was properly purchased by Plaintiff. Plaintiff intends to offer bail bond services and to license others to offer bail bond services under the ZIG ZAG BAIL BONDS trademark.

29. Defendants' infringing use of the ZIG ZAG BAIL BONDS mark is likely to cause confusion in the minds of the public, press and payments technology industry, leading customers and/or prospective customers to falsely believe that Plaintiff has approved, sponsored, or otherwise associated itself with Defendants, in violation of Plaintiffs' common law trademark rights.

30. As a direct and proximate result of Defendants' acts and conduct, Plaintiff is informed and believes, and thereon alleges, that customers, prospective customers are likely to be confused, misled, deceived and mistaken as to the source or sponsorship of Defendants' unauthorized products and services, and are likely to be deterred from purchasing bail bond services from Plaintiff and Plaintiff's licensees. Plaintiff has therefore been damaged and is likely to suffer further damage in an amount to be proven at trial. In particular, Plaintiff is entitled to, without limitation, damages for its loss of sales and goodwill, as well as recovery of any and all profit derived by Defendants through their wrongful acts.

31. As Defendants' acts are likely to continue their infringing activities, the award of money damages alone will not adequately compensate Plaintiff. By their use of the infringing trademarks, Defendants have caused, and will continue to cause irreparable harm, damages and injury to Plaintiff. Plaintiffs injuries will continue unless restrained by order of this Court. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

**THIRD CAUSE OF ACTION**
**UNFAIR COMPETITION**
**(Lanham Act, 15 U.S.C. § 1125(a))**

32. Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 31 of this complaint as though fully set forth herein.

33. Defendants' conduct described and alleged in this complaint constitutes unfair competition and fraudulent business practices in violation of 15 U.S.C. § 1125. Defendants are deliberately, intentionally and unlawfully exploiting Plaintiff's Mark and consumer goodwill for the benefit of Defendants' own products and services. Defendants' use of the ZIG ZAG BAIL BONDS mark constitutes the use of a word, term, name, or any combination thereof, that is likely to cause confusion, mistake, or deception as to the affiliation, connection,

origin, sponsorship, approval and/or association of Defendants and their products and services with Plaintiff, within the meaning of 15 U.S.C. § 1125(a)(l).

34. In addition, Defendants' use of the ZIG ZAG BAIL BONDS mark constitutes a commercial use that causes actual and/or likely dilution of the distinctive quality and value of Plaintiff's trademark by lessening the capacity of the mark to identify Plaintiff and distinguish its proposed services from the goods and services of others.

35. As a direct and proximate result of Defendants' acts and conduct, Plaintiff is informed and believes, and thereon alleges, that customers and prospective customers have been confused and misled, deceived and mistaken as to the source or sponsorship of Defendants' unauthorized products and services, and have been deterred from purchasing Plaintiffs Electronic Payment products and services, in disruption of Plaintiffs business activities. Plaintiff has therefore been damaged and is likely to suffer further damage in an amount to be proven at trial. In particular, Plaintiff is entitled to, without limitation, damages as recovery of any and all profit derived by Defendants through their wrongful acts.

36. As Defendants' acts are likely to continue, the award of money damages alone will not adequately compensate Plaintiff. By their use of the ZIG ZAG BAIL BONDS mark, Defendants have caused, and will continue to cause irreparable harm, damages and injury to Plaintiff. Plaintiff's injuries will continue unless restrained by order of this Court. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

**FOURTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
**(California Civil Code §17200 *et seq.*)**

37. Plaintiff incorporates and re-alleges the allegations set forth in paragraphs

through 36 of this complaint as though fully set forth herein.

38. Plaintiff is informed and believes, and thereon alleges, that Defendants conduct business within California, including, without limitation, the advertising and distribution of its products and services over its websites and on its signs and offices.

39. Defendants knew or reasonably should have known that use of the ZIG ZAG BAIL BONDS mark would deceive and/or confuse customers into believing that Defendants' products and services are produced, endorsed, affiliated and/or associated with Plaintiff.

40. Plaintiff is informed and believes, and thereon alleges, that Defendants use of the ZIG ZAG BAIL BONDS mark was an intentional and deliberate attempt to trade on Plaintiff's goodwill, which it duly purchased from the United States Bankruptcy Trustee by unlawfully copying Plaintiff's Mark.

41. Defendants' conduct described and alleged in this complaint constitutes unfair, unlawful, and fraudulent business practices in violation of California Business & Professions Code § 17200 *et seq.*

42. As a direct and proximate result of Defendants' acts and conduct customers and prospective customers are likely to be confused, misled, deceived and/or mistaken as to the source or sponsorship of Defendants' unauthorized products and services, and have been, and/or are likely to be, deterred from purchasing Plaintiffs products and services, in disruption of Plaintiffs business activities. Plaintiff has therefore been damaged and is likely to suffer further damage in an amount to be proven at trial, and is entitled to the remedies available under Business and Professions Code § 17200 *et seq.*, including but not limited to injunctive

relief and restoration of money or property rightfully belonging to Plaintiff but which was acquired by means of Defendants' wrongful acts.

**FIFTH CAUSE OF ACTION**
**FALSE ADVERTISING**
**(California Civil Code §17500 *et seq.)***

43. Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 42 of this complaint as though fully set forth herein.

44. Plaintiff is informed and believes, and thereon alleges, Defendants have made and disseminated false, deceptive and/or misleading advertising on its websites with the intent directly or indirectly to induce the public to enlist the services and products offered by Defendants as described in this complaint.

45. Defendants' conduct described and alleged in this complaint constitutes false advertising in violation of California Business & Professions Code § 17500 *et seq.*

46. As a direct and proximate result of Defendants' acts and conduct customers and prospective customers are likely to be confused, misled, deceived and/or mistaken as to the source or sponsorship of Defendants' unauthorized products and services, and have been, and/or are likely to be, deterred from purchasing Plaintiffs products and services, in disruption of Plaintiffs business activities. Plaintiff has therefore been damaged and is likely to suffer further damage in an amount to be proven at trial, and is entitled to the remedies available under Business and Professions Code§ 17500 *et seq.*, including but not limited to injunctive relief and restoration of money or property rightfully belonging to Plaintiff but which was acquired by means of Defendants' wrongful acts.

**SIXTH CAUSE OF ACTION**
**TRADEMARK DILUTION**
**(Lanham Act, 15 U.S.C. § 112S(c))**

47. Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 46 of this complaint as though fully set forth herein.

48. Plaintiffs ZIG ZAG BAIL BONDS is, and prior to Defendants use of the ZIG ZAG BAIL BONDS mark continuously has been, widely recognized by the general consuming public of the United States as a designation of the source of Plaintiffs goods and services. Association arising from the similarity between Defendants' ZIG ZAG BAIL BONDS mark and Plaintiff's Mark is likely to dilute the distinctiveness of Plaintiff's Mark by blurring the mark with Defendants' mark. Plaintiff is further informed and believes and thereon alleges that Defendant's use of the ZIG ZAG BAIL BONDS mark in conjunction with bail bond services goods and services is likely to harm the reputation of Plaintiff's Mark and therefore also dilute by tarnishment. Plaintiff has therefore been damaged and is likely to suffer further damage in an amount to be proven at trial, and is entitled to the remedies available under 15 U.S.C. § 1125(c), including but not limited to injunctive relief and money damages.

49. Plaintiff is informed and believes and alleges thereon that Defendant willfully intended to cause the dilution of Plaintiff's Mark.

**SEVENTH CAUSE OF ACTION**
**TRADEMARK DILUTION**
**(Business & Professions Code§ 14247 *et seq.)***

50. Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 49 of this complaint as though fully set forth herein.

51. Association arising from the similarity between Defendants' ZIG ZAG BAIL BONDS mark and Plaintiff's Mark is likely to dilute and impair the distinctiveness of Plaintiff's Mark. Plaintiff is informed and believes and thereon alleges that Defendant's use of the ZIG ZAG BAIL BONDS mark is likely to harm the reputation of Plaintiff's Mark. Plaintiff

has therefore been damaged and is likely to suffer further damage in an amount to be proven at trial, and is entitled to the remedies available under California Business and Professions Code§ 14247 *et seq.*, including but not limited to injunctive relief and restoration of money or property rightfully belonging to Plaintiff, but which was acquired by means of Defendant's wrongful acts.

52. Plaintiff is informed and believes and alleges thereon that Defendant willfully intended to cause the dilution of Plaintiff's Mark.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ZIG ZAG HOLDINGS LLC prays for judgment against Defendants as follows:

A. That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the designation "ZIG ZAG", "ZIG ZAG BAIL BONDS" or any other name or mark incorporating Plaintiff's service marks, either alone or in combination with other words or symbols, in the marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with any tourist accommodations and other related services at any locality in the United States

B. That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for,with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the designation "ZIG ZAG", "ZIG ZAG BAIL

BONDS" or any other name or mark incorporating Plaintiffs service marks in any form or manner that would tend to identify or associate defendants' businesses or services with Plaintiff in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

C. That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from referring to their businesses as "ZIG ZAG", "ZIG ZAG BAIL BONDS" approved (either orally or in writing) in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

D. That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from representing to anyone (either orally or in writing) that their businesses are affiliated with Plaintiff in any way;

E. For an order requiring defendants to deliver to Plaintiffs attorney within thirty (30) days after the entry of any preliminary or permanent injunction, to be impounded or destroyed by Plaintiff, all literature, advertisements, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in their possession or control that contain the infringing designation "ZIG ZAG", "ZIG ZAG BAIL BONDS"

or any other name or mark incorporating Plaintiffs service marks, either alone or in combination with other words and symbols;

F. For an order requiring defendants to remove from their business premises within thirty (30) days after the entry of any preliminary or permanent injunction, all instances of the "ZIG ZAG", "ZIG ZAG BAIL BONDS" and any other similar designation, and to destroy all molds, plates, masters, or means of creating the infringing items;

G. For an order requiring defendants to instruct, within thirty (30) days after the entry of any preliminary or permanent injunction, any print directory, Internet directory, or website that they have caused to carry the "ZIG ZAG" or "ZIG ZAG BAIL BONDS" mark, to cease using such names at the earliest possible date;

H. For an order requiring defendants to file with the Clerk of this Court and serve Plaintiff, within thirty (30) days after the entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which defendants have complied with 1 through 7 above;

I. For an award of three times Plaintiffs damages or defendants' profits in view of the intentional and willful nature of defendants' acts, pursuant to 15 U.S.C. section 1117;

J. General damages;

K. Special damages;

L. Recovery of Defendants gains, profits, or advantages obtained by the Defendants as a result of its infringement;

M. Treble damages and/or punitive damages to the extent permitted by law;

N. Statutory damages, where prescribed by statute;

O. An award of reasonable attorneys' fees and expenses;

P. A preliminary and permanent injunction barring Defendants from continuing to violate the Plaintiff's rights;

Q. Pre-judgment interest;

R. Costs of suit; and

S. Such other and further relief as the Court deems just and equitable under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: June 7, 2013

Respectfully Submitted,

/s/ Ian F. Burns

Ian F. Burns
ATIP Law
4790 Caughlin Pkwy #701
Reno, NV 89519
Telephone: (775) 826-6160
Fax: (775) 828-1651
iburns@ATIPLaw.com
pjpanzica@ATIPLaw.com
Firm@ATIPLaw.com

Attorney for Plaintiff, Zig Zag Holdings LLC

# Exhibit "A"

## The Registration

**Int. Cl.: 36**

**Prior U.S. Cls.: 100, 101 and 102**

**Reg. No. 3,297,585**

**United States Patent and Trademark Office** **Registered Sep. 25, 2007**

**SERVICE MARK**
**PRINCIPAL REGISTER**

# ZIG ZAG BAIL BONDS

HUBBARD, GLEN K. (CALIFORNIA SOLE PROPRIETORSHIP)

48 NO. SAN PEDRO RD

SAN RAFAEL, CA 94903

FOR: BAIL BONDING, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 3-15-1965; IN COMMERCE 3-15-1965.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BAIL BONDS", APART FROM THE MARK AS SHOWN.

SER. NO. 78-860,506, FILED 4-12-2006.

ANNE E. GUSTASON, EXAMINING ATTORNEY

# Exhibit "B"


ZIG-ZAG
NAILS

# Exhibit "C"



Law Offices of
AMY N. TIRRE
A Professional Corporation

Telephone: 775.828.0909
Facsimile: 775.828.0914

3715 LAKESIDE DRIVE, SUITE A
RENO, NEVADA 89509

E-mail: amy@amytirrelaw.com

November 26, 2012

*Sent Via Hand-Delivery and Email*

Rodney E. Sumpter, Esq.
139 Vassar Street
Reno, NV 89502

*Re: In re Glenn and Reagan Hubbard; Case No. 11-52888; Cease and Desist Letter*

Dear Rod,

As you know, James Smith purchased the Registered Trademark Zig Zag Bail Bonds: Registered September 27, 2007, U.S. Patent and Trademark Office, Serial Number 78860506, Registration Number 3297585 ("the trademark") at the hearing on July 31, 2012 in Mr. Hubbard's bankruptcy case.

It has come to Mr. Smith's attention that Mr. Hubbard (and/or his entity) is using the trademark. For example, Mr. Hubbard is using the Zig Zag name and trademark on his website and he is using Zig Zag Bail Bonds as a dba with his filings with the California Department of Insurance. There may be other instances. Mr. Hubbard is infringing upon my client's intellectual property rights under various state and federal laws. This is not a case of innocent infringement. Mr. Hubbard is knowingly attempting to profit from the trademark that Mr. Smith acquired by improperly using it to promote his own business.

In order to avoid a dispute in this matter, Mr. Smith requires that Mr. Hubbard and/or his entity immediately cease and desist from using any trademark, trade name, service mark or other commercial identifier that is confusingly similar the Zig Zag Bail Bonds trademark to promote Mr. Hubbard's services. More specifically, Mr. Smith demands that Mr. Hubbard and/or his entity cease using the name Zig Zag and the trademark on its website and in all other marketing material as well as in filings with any governmental agencies. He must immediately remove all infringing material from channels of trade you have used.

If Mr. Hubbard does not comply, Mr. Smith shall move forward with whatever enforcement action he deems appropriate to protect his intellectual property rights. Mr. Hubbard may likely be found liable for damages and attorney's fees and a permanent injunction will be imposed upon him.

Please contact me immediately with a clear indication of Mr. Hubbard's intent. Thank you for your prompt attention to this matter.

Very truly yours,

AMY N. TIRRE, ESQ.
*amy@amytirrelaw.com*

ANT/ajb

cc: Client
Ian F. Burns, Esq.

# Exhibit "D"

Gregg W. Koechlein*

581 Ridge Street, Reno, NV 89501
P.O. Box 40457 Reno, NV 89504
Telephone: (775) 224-4700 • Facsimile: (775) 622-9548
Electronic Mail: synergsm@concentric.net

* *Admitted in California only*

FACSIMILE LEAD SHEET

Attention: AMY N. TRAN  From: G. KOECHLEIN

Company: ______  Date: 11/29/12

Facsimile Number: 828-0914  Number of Pages: 2 Including Lead Sheet

Re: ______

IMPORTANT: **This communication is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.** If the reader of this communication is not the intended recipient, or the employee or agent responsible for delivering this communication to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original communication to us at the above address via the United States Postal Service. Thank you.

Message:

**Gregg W. Koechlein***
Attorney at Law

581 Ridge Street, Reno, NV 89501
P.O. Box 40457 Reno, NV 89504
Telephone: (775) 224-4700 • Facsimile: (775) 622-9548
Electronic Mail: synergsm@concentric.net

*Admitted in California only*

November 29, 2012

Amy N. Tirre, Esq.
3715 Lakeside Drive, Suite A
Reno, NV 89509

VIA FACSIMILE TO: 775-828-0914

Re: In re Hubbard, Case No. 11-5288
Your Letter of November 26, 2012

Dear Ms. Tirre:

Rodney forwarded the above-referenced letter to me so that I could provide you with a brief response to the demands set forth therein.

As was stated in various pleadings and in open court, it is the opinion of Mr. Hubbard that, based on the many long term and ongoing cases of infringement throughout the United States, your client did not acquire any valid and/or enforceable intellectual property rights by way of his purchase of the Service Mark, Registration Number 3297585 on July 31, 2012. Accordingly, please be advised that Mr. Hubbard and/or Glen Hubbard, Inc. will not be taking any of the actions set forth in your letter of November 26, 2012.

Sincerely,

Gregg W. Koechlein

cc: R. Sumpter, Esq.
G. Hubbard

# Exhibit "E"

## Assignment Recordation

**900244537 01/17/2013**

# TRADEMARK ASSIGNMENT

Electronic Version v1.1
Stylesheet Version v1.1

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL |

CONVEYING PARTY DATA

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| Jeri Coppa-Knudson | | 12/12/2012 | TRUSTEE: UNITED STATES |

RECEIVING PARTY DATA

| | |
|---|---|
| Name: | Zig Zag Holdings LLC |
| Street Address: | 4790 Caughlin Pkwy #701 |
| City: | Reno |
| State/Country: | NEVADA |
| Postal Code: | 89519 |
| Entity Type: | LIMITED LIABILITY COMPANY: NEVADA |

PROPERTY NUMBERS Total: 1

| Property Type | Number | Word Mark |
|---|---|---|
| Registration Number: | 3297585 | ZIG ZAG BAIL BONDS |

CORRESPONDENCE DATA

Fax Number: 7758281651

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent via US Mail.*

Phone: (775) 826-6160
Email: firm@AtipLaw.com
Correspondent Name: ATIP Law
Address Line 1: 4790 Caughlin Pkwy #701
Address Line 4: Reno, NEVADA 89519

| ATTORNEY DOCKET NUMBER: | 1034.9665 |
|---|---|
| NAME OF SUBMITTER: | Ian F. Burns, Esq. |
| Signature: | /ian f burns/ |
| Date: | 01/17/2013 |

Total Attachments: 2
source=Executed Trademark Assignment#page1.tif
source=Executed Trademark Assignment#page2.tif

OP $40.00 3297585

**TRADEMARK ASSIGNMENT**

WHEREAS, Glen K. Hubbard, a resident of the state of California, with an address of 48 N. San Pedro Road, San Rafael, California 94903, has adopted, used and had the bona fide intent further to adopt and use, on his own behalf and through licensing to others, the trademark and trade name ZIG ZAG BAIL BONDS in connection with "bail bonding" ("ZIG ZAG Mark");

WHEREAS, Glen K. Hubbard is the owner of the said ZIG ZAG Mark and all of the rights pertaining thereto;

WHEREAS, Glen K. Hubbard has received from the United States Patent and Trademark Office registration of the ZIG ZAG Mark, Registration No. 3,297,585, in connection with "bail bonding";

WHEREAS, Glen K. Hubbard has filed for Chapter 7 Bankruptcy protection with the United States Bankruptcy Court, District of Nevada ("Bankruptcy Court");

WHEREAS, Jeri Coppa-Knudson, with a principal business address of 3495 Lakeside Drive, Box 62, Reno, Nevada 89509, was appointed by the Bankruptcy Court as Trustee for the Estate of Glen and Reagan Hubbard ("Estate");

WHEREAS, on July 31, 2012, the Bankruptcy Court heard and considered the Trustee's Motion to Sell assets of the Estate of Glen and Reagan Hubbard, at which time James A. Smith of Zig Zag Holdings LLC was the successful bidder, purchasing the ZIG ZAG Mark and the rights to use the ZIG ZAG Mark in connection with "bail bonding" for a total purchase price of Four Thousand Dollars ($4,000.00);

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged:

Trustee, Jeri Coppa-Knudson, hereby assigns, transfers and conveys to Zig Zag Holdings LLC, a Nevada limited liability company with business address at 4790 Caughlin Pkwy #701, Reno, NV 89519, effective as of 31st day of July, 2012, all right, title and interest in and to the ZIG ZAG Mark, together with all the good will of the business symbolized by the ZIG ZAG Mark, as well as that portion of the ongoing and existing business to which the ZIG ZAG Mark pertains, including existing licenses; and

///

///

///

Trustee, Jeri Coppa-Knudson agrees to supply such further evidence of its intention to transfer and assign all the right, title and interest in and to the ZIG ZAG Mark as may be reasonably requested by Zig Zag Holdings LLC, including execution of additional assignment documentation as may be helpful or appropriate in pursuing trademark applications.

**Jeri Coppa-Knudson, Trustee**

[signature]

Date: 12/12/12

STATE OF Nevada
COUNTY OF Washoe

On this 12 day of December, 2012 personally appeared before me, a Notary Public,

Jeri Coppa-Knudson
(Name of individual whose signature is being notarized)

who acknowledged that he/she executed the above instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official stamp at my office in the County of Washoe the day and year in this certificate first above written.

[signature]
Signature of Notary Public

LAUREL ANNE DEVINCENZI
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 99-58665-2 - Expires August 1, 2015

# Exhibit "F"




Home | Download Forms | FAQ's | Jails - Courts - Law Enforcement | Links | Contact Us

# Zig Zag Bail Bonds

SMOK'N THE COMPETITION • WE PROVIDE BAIL STATEWIDE

**Contact Us 7 Days a Week**
**24 Hours Each Day**



**Call Us Toll Free**
**1-866-677-BAIL (2245)**

**Zig Zag South Bay**

San Jose Bail Bond
(Santa Clara County)
Home Page
**408-292-5300**

Santa Cruz Bail Bond
(Santa Cruz County)
Home Page
**831-420-3232**

Palo Alto Bail Bond
(Santa Clara County)
Home Page
**650-361-8454**

**Zig Zag East Bay**

Hayward/Fremont Bail
(Alameda County)
Home Page
**510-357-5100**

Dublin Bail Bond
(Alameda County)
Home Page
**925-455-0300**

Martinez
(Contra Costa County)
Home Page
**925-240-1114**

**Zig Zag Peninsula**

Redwood City Bail
(Redwood City County)
Home Page
**650-361-8454**

### If You Need a Bail Bond in San Jose or anywhere in Santa Clara County

(For other Bay Area cities please use the directory on the left hand sidebar)

You've been arrested in San Jose. Call Zig Zag Bail Bonds. Located just down the street from San Jose's Main Jail, Zig Zag Bail Bond's licensed Bail Agents have the answers you need to all of your bail bond questions. With our knowledge of the Santa Clara County bail and court system we are experts who want to help you during your time of need. If you're wondering: What is bail and how does it work? How do I make bail? What is a bond? How do I pay bail for a family member or friend?

We can help. Zig Zag Bail Bonds San Jose provides bail statewide, federal bonds and we specialize in domestic violence and high bail. Call for an appointment or just come by. We welcome walk ins and attorney referrals and will do our best to help you.



We've been a family owned and operated business for over 46 years. Let our family help your family.

### How to Look-up an Inmate's Bail

You can look up an inmate's bail information on the County of Santa Clara Department of Corrections website.

You will need one of the following:

- Person File Number (PFN)
- Booking Number (CEN)
- Name, and Date of Birth
- Booking Date of the inmate.




### We are conveniently located near the Santa Clara Main Jail:

Zig Zag Bail Bonds is located at 630 N. First St. within walking distance of Santa Clara's Main Jail at 150 W. Hedding St. There is lot and street parking available and we're accessible through the nearby VTA Light Rail Civic Center Station and the 1st and Jackson bus stop



San Mateo Bail Bond
**650-361-8454**
Our sister Bail Agency
Lynn's Bail Bonds in
San Mateo, CA




- We Accept Credit Cards
- 100% Financing Available with Home Owner
- 20% Union rebates per Prop 103
- 5% Down, 5% Credit with Co-Signer(s)
- Signature Bonds
- We Bail Nationwide

TOLL FREE CALL
**866-677-BAIL**

Zig Zag San Jose







Click Here to View Larger Map and for Directions





Click Here to visit the VTA website for Light Rail and Bus schedules.

### Where is the San Jose Jail?

The Main Jail for Santa Clara County is located at: 150 W. Hedding Street, San Jose, CA 95110.

There is a Main Jail North and Main Jail South. Sign ups for visiting hours at both jails takes place at the Main Jail North. Annually the Main Jail Complex receives and books about 65,000 people. Most are booked, cited and released while some must post bail to be released.





### Directions to Santa Clara County's Main Jail in downtown San Jose

The Main Jail is located at 150 W. Hedding St. at the intersection with San Pedro Street. The complex is approximately one block west of North First Street and one block east of Highway 87, in downtown San Jose.

**View Google Map**

From Interstate 880
Take the North First Street exit. Proceed south on North First Street to West Hedding Street. Turn right on West Hedding Street. The complex is on the southwest corner of the intersection of West Hedding and San Pedro.

From U.S. 101
Merge to southbound Interstate 880. Exit at the North First Street exit. Proceed south on North First Street to West Hedding Street. Turn right on West Hedding Street to San Pedro.

### Where are Inmates held after their arrest?

If your loved one is arrested in the following cities they will be taken to and held at the Santa Clara Main Jail. For other cities and counties CLICK HERE to use the directory on the left hand sidebar

| Incorporated cities in Santa Clara County are: | | |
|---|---|---|
| San Jose<br>• Alum Rock<br>• Cambrian Park<br>• Willow Glen<br>• East San Jose<br>Alviso<br>Campbell | Cupertino<br>Gilroy<br>Los Altos<br>Los Altos Hills<br>Los Gatos<br>Milpitas<br>Monte Sereno | Morgan Hill<br>Mountain View<br>Palo Alto<br>Santa Clara<br>Saratoga<br>Sunnyvale |

| Un-Incorporated cities in Santa Clara County are: | |
|---|---|
| Alum Rock<br>Bell Station<br>Burbank<br>Cambrian Park<br>Casa Loma<br>Chemeketa Park<br>Coyote<br>East Foothills<br>Fruitdale<br>Lexington Hills | Llagas-Uvas<br>Loyola also known as Loyola Corners<br>Redwood Estates<br>Rucker<br>San Antonio<br>San Martin<br>Stanford<br>Sveadal |

Return to Top of Page



Professional Licensed Bail Agents • BA1724274 • Insurance

**Copyright © 2006 - 2012 by Zig Zag Bail Bonds, Inc. All rights reserved.**
Information in this document is subject to change without notice. Other products and companies

referred to herein are trademarks or registered trademarks or their respective companies or mark holders.

Keeping you up to date with the latest California Bail Bonds news:

california bail bonds

**All Pro Bail Bonds Announces Interest Free Credit Terms**
SBWire (press release) - **May 29, 2013**
Solana Beach, **CA** -- (SBWIRE) -- 05/29/2013 -- People, who think they cannot afford bail, can now turn to All Pro **Bail Bonds** for interest free credit terms on bail. A San
Related Articles » « Previous Next »

