**United States District Court**<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ZIG ZAG HOLDINGS LLC,

    Plaintiff,

  v.

GLEN K. HUBBARD, *et al.*,

    Defendants.

                                      /

No. C 13-2643 SI

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On June 11, 2014, the Court issued an order granting in part and denying in part plaintiff's motion for summary judgment. On June 18, 2014, plaintiff filed a motion for reconsideration of that order, contending that the Court overlooked the parties' arguments about plaintiff's ability to terminate the Lynn Simon licenses.

As an initial matter, plaintiff's motion is procedurally improper. *See* Civil Local Rule 7-9. In any event, the Court did not overlook plaintiff's arguments about the ability to terminate the Lynn Simon licenses. As the Court noted in the summary judgment order, plaintiff argued that the licenses were terminated *by Glen Hubbard*, and defendants argued that after Hubbard's lawyer sent the letter terminating the licenses, Hubbard and Simon resolved their differences and that to the extent the licenses were ever terminated, they were reinstated and remain in place today. Thus, the Court found that there were disputes of fact as to whether Hubbard terminated the Simon licenses. As the Court further noted in the order, neither party addressed the ability of *plaintiff*, as the current owner of the service mark, to

terminate the licenses, and whether plaintiff has, in fact, terminated those licenses.[1]  Instead, all of the briefing centered on whether Glen Hubbard did or did not terminate the licenses prior to filing for bankruptcy.

Accordingly, plaintiff's motion for reconsideration is DENIED.  Docket No. 60.

**IT IS SO ORDERED.**

Dated: June 23, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[1] It appears that it is plaintiff's position, as now articulated in the motion for reconsideration, that plaintiff "now holds a right to terminate the license."  Motion at 8:9.  Whether plaintiff has, in fact, done so is not in the record before the Court and was not discussed in the summary judgment briefing.  The parties shall be prepared to discuss this matter in their pretrial papers and at the pretrial conference.

2