IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIG ZAG HOLDINGS LLC,<br><br>   Plaintiff,<br><br> v.<br><br>GLEN K. HUBBARD, *et al.*,<br><br>   Defendants.<br>_____/ | No. C 13-2643 SI<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

On July 25, 2014, the Court held a hearing on plaintiff's motion for attorney's fees and costs. For the reasons set forth below, the Court GRANTS IN PART the motion.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 37, plaintiff seeks attorney's fees and costs incurred in connection with litigating plaintiff's motion to compel production of documents. In an order filed April 25, 2014, the Court granted plaintiff's motion to compel in its entirety and ordered defendants to produce documents in response to twenty requests for production. Plaintiff seeks $9,220.45 in fees and costs, and has submitted the declaration of counsel and billing records in support of the motion.

Rule 37(a)(5)(A) provides,

> If the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. Civ. Proc. 37(a)(5)(A). "[T]he burden of showing substantial justification and special circumstances is on the party being sanctioned." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).

Defendants oppose the fee motion on procedural and substantive grounds. As an initial matter, defendants contend that the Court has already denied plaintiff discovery sanctions, and thus that the current motion is improper. However, the Court's April 25, 2014 order denied plaintiff's request for unspecified sanctions because the request was first made in plaintiff's reply brief and it was not specific. Defendants also argue that the fee motion is untimely because the Civil Local Rule 7-8(d) states that "no motion for sanctions may be served and filed more than 14 days after the entry of judgment by the District Court." This rule is inapposite as the Court has not entered judgment, and the Court's April 25, 2014 discovery order is not tantamount to a judgment. In addition, defendants assert that the motion is procedurally flawed because plaintiff did not properly notice the motion for a hearing. The Court finds that even if the motion was not properly noticed, the Court set the motion for a hearing and defendants have not shown any prejudice as defendants filed an opposition and received notice of the hearing date.

Defendants argue that they were substantially justified in not producing discovery because many documents were lost when defendants were evicted from their offices. However, the record shows that in addition to whatever documents were lost in the evictions, there were responsive documents in other locations. The record shows that defendants did not request responsive documents from their accountants until after the March 7, 2014 discovery cut-off and after plaintiff filed the motion to compel. *See* Docket Nos. 40-1 & 40-3. Similarly, defendants made no attempt to request other documents from government agencies until ordered to do so by the Court. According to plaintiff, as of the filing of the motion for fees, defendants still had not produced all of the documents possessed by government

2

agencies. The Court finds that defendants have not met their burden to show substantial justification or special circumstances.

Defendants also contend that certain time entries are unreasonable, such as time spent by Mr. Burns on phone calls or reviewing briefs. The Court agrees with defendants that certain time entries, such as .2 hours for leaving a voice message, are unreasonably high. The Court also agrees with defendants that Mr. Burns' practice of generally billing in one hour increments almost certainly has inflated his time. The Court reduces Mr. Burns' time by 2.7 hours, for a reduction of $972.00. The Court finds the hourly rates requested are reasonable and the remainder of the time spent is reasonable, and awards a total of $8,248.45. The Court declines to award additional fees for time spent preparing the fee motion.

This order resolves Docket No. 62.

**IT IS SO ORDERED.**

Dated: July 25, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE